IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                     CRIMINAL ACTION NO. 3:09-00071

KEITH LAMONT FLOWERS, JR.
      also known as "Antwan Lamont Furr"
      also known as "Lamont K. Sanders"
      also known as "Nutt"

## ORDER

Pending before the Court is Defendant Keith Lamont Flowers' Motion for Reduction of Sentence pursuant to the First Step Act of 2018. *Mot for Reduction of Sentence*, ECF No. 151. Per this Court's Standing Order, the Office of the Federal Public Defender was appointed to determine whether Defendant was eligible for a reduced sentence under the First Step Act. *Standing Order*, ECF No. 152. On June 6, 2019, Defendant's counsel submitted a memorandum concluding that Defendant was ineligible for relief. *Eligibility Mem.*, ECF No. 155. Soon after, Defendant filed a motion to strike this memorandum and argued that counsel had erroneously concluded he was ineligible for a reduced sentence. *Mot. to Strike*, ECF No. 159.

The First Step Act of 2018 provides that a "court that imposed a sentence for a *covered offense* may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (emphasis added). Section 404(a) of the First Step Act defines a "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." These sections of the Fair Sentencing Act of 2010 "increased the drug amounts *triggering mandatory minimums* for crack

trafficking offenses." *Dorsey v. United States*, 567 U.S. 260, 269 (2012) (emphasis added). Importantly, offenses that do not carry a mandatory minimum sentence or an enhanced statutory maximum based on the amount of crack involved are not implicated by the Fair Sentencing Act.

Here, Defendant pleaded guilty to an indictment charging him with intentionally distributing an unspecified quantity of crack. *Indictment*, ECF No. 15, at 1. As no particular amount of crack was listed in his indictment, Defendant was not subject to any mandatory minimum penalties outlined in 21 U.S.C. § 8412(b). It follows that Defendant's conviction was not sustained under a statute modified by the Fair Sentencing Act. Defendant is accordingly ineligible for a reduced sentence, and his Motion for Reduction of Sentence, ECF No. 151, is **DENIED.** Consistent with the above reasoning, Defendant's Motion to Strike, ECF No. 159, is likewise **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

        ENTER:    October 25, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE